**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
JAMES A. McDONALD,             )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 04-1988 (RWR)
                               )
AMERICAN RED CROSS,            )
                               )
        Defendant.             )
_____)
```

## MEMORANDUM OPINION

Plaintiff James McDonald brought this action against his employer, the American Red Cross ("Red Cross"), alleging that the Red Cross violated District of Columbia law and its own human resources policies by honoring an earnings withholding order issued by the California Franchise Tax Board ("CFTB").  The Red Cross has moved to dismiss this complaint, arguing that the complaint states no cause of action against the Red Cross, among other things.  Because the complaint fails to state a violation of any duty enforceable against the Red Cross, the Red Cross' motion, treated as one for summary judgment, will be granted.

## BACKGROUND

In 1999, McDonald filed a Chapter 7 Bankruptcy action in the United States Bankruptcy Court for the Eastern District of California.  Creditors in his bankruptcy proceeding included the CFTB and the Internal Revenue Service.  (Compl. ¶ 5.)  In April 2003, the CFTB served an earnings withholding order on McDonald's

- 2 -

employer, the Red Cross (id. ¶ 6), which is headquartered in the District of Columbia but has offices and employees in California. (Def.'s Suppl. Mem. at 2-3.)  As an employer thus subject to CFTB earnings withholding orders (see id. at 2), the Red Cross began remitting portions of McDonald's wages.  (Def.'s Mot. to Dismiss at 2.)  McDonald claims that the Red Cross has not followed District of Columbia law for enforcing foreign wage garnishments and the Red Cross' internal procedures forbidding wage or tax deductions from employees unless directed to do so by a court.  (Compl. ¶ 6.)  The Red Cross moved to dismiss McDonald's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[1]  Since matters outside of the complaint have been sought by, presented to, and not excluded by the court, the motion shall be treated as one for summary judgment.  Fed. R. Civ. P. 12(b).

## DISCUSSION

Summary judgment should be entered when the pleadings and the record show that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The burden falls on the moving party to provide a sufficient factual record that

---

[1] The Red Cross also moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) for lack of venue.  Because judgment will be entered against McDonald on other grounds, the Red Cross' argument regarding venue will not be addressed.

demonstrates the absence of such a genuine issue of material fact.  See Beard v. Banks, 126 S. Ct. 2572, 2578 (2006).  In considering whether the movant has met its burden, a court must give the nonmovant the benefit of all justifiable inferences from the evidence in the record.  Littlejohn/LAM Supply Corp. v. Provident Bank, 357 F. Supp. 2d 45, 47 (D.D.C. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

I.   DISTRICT OF COLUMBIA STATUTORY CLAIM

Seeking declaratory and injunctive relief, McDonald alleges violations of District of Columbia Code § 16-583 and the Uniform Enforcement of Foreign Judgments Act of 1964, adopted as D.C. Code §§ 15-351 to 15-357.  (Compl. ¶ 11.)  The Red Cross maintains that it is not bound by those provisions in complying with the wage garnishment order, and that McDonald's real dispute is with the CFTB.  (See Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply") at 1.)

District of Columbia Code § 16-583 provides that "before entry of a judgment in an action against a debtor, the creditor may not obtain an interest in any property of the debtor by attachment, garnishment, or like proceedings."  McDonald alleges that Red Cross garnished his wages in the absence of a final judgment because the CTFB's order does not constitute a final judgment.  However, the Supreme Court has stated that "a California tax assessment . . . operates in a way that is

- 4 -

functionally indistinguishable from the judgment of a court of law" and that "in operation and effect the [Franchise Tax] Board's orders to withhold are identical to the judgment of a court." Franchise Tax Bd. of Cal. v. United States Postal Serv., 467 U.S. 512, 522-23 (1984) (further stating that "[t]he operation of California's tax collection process makes it clear that there is no meaningful difference between an order to withhold issued by the Board and a garnishment order issued by a court. . . . Indeed state law is unequivocal in requiring employers to honor orders to withhold -- no defense is permitted"). Here, the CFTB's withholding order issued to the Red Cross is "in effect . . . identical to the judgment of a court." Id. at 523. Further, the applicability of § 16-583 here is not demonstrated. The CFTB is the creditor and the Red Cross is a third party employer-garnishee. Section 16-583 circumscribes the conduct of the creditor, not a third party employer-garnishee. Thus, McDonald's claim that the CFTB's directive is not an enforceable judgment is unpersuasive.

McDonald also claims that the CFTB was required to enter its out-of-state judgment with the District of Columbia courts before collecting on McDonald's wages. Generally, "a foreign judgment, valid on its face, will be given full faith and credit in the District of Columbia unless it is proven in our courts that under the law of the jurisdiction which rendered the judgment, the

- 5 -

foreign court did not have jurisdiction over the parties or over the subject matter of the case." Masri v. Adamar of New Jersey, Inc., 595 A.2d 398, 400 (D.C. 1991) (quoting Shanklin v. Bender, 283 A.2d 651, 652 (D.C. 1971)).  The Uniform Enforcement of Foreign Judgments Act, as adopted by the District of Columbia, governs the procedure for the recognition and enforcement of a foreign judgment.[2]  See D.C. Code §§ 15-351 to -357.  Section 15-352 provides:

> A copy of any foreign judgment authenticated in accordance with the laws of the District may be filed in the Office of the Clerk of the Superior Court ("Clerk").  A foreign judgment filed with the Clerk shall have the same effect and be subject to the same procedures, defenses, or proceedings for reopening, vacating, or staying as a judgment of the Superior Court and may be enforced or satisfied in the same manner.

D.C. Code § 15-352; see Von Plinsky v. Harvey, 820 A.2d 549, 550 (D.C. 2003) (reinstating default judgment obtained in Virginia and filed in District of Columbia Superior Court under D.C. Code § 15-352).  Section 15-353 requires that "at the time of the foreign judgment, the judgment creditor . . . make and file with the Clerk an affidavit that sets forth the names and last known addresses of the judgment debtor and the judgment creditor."  D.C. Code § 15-353.

---

[2]   "'Foreign judgment' means any judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in the District."  D.C. Code § 15-351.

- 6 -

Although McDonald has alleged that the CFTB failed to properly lodge its garnishment order with the District of Columbia Superior Court, he has stated no claim as to the Red Cross.  Sections 15-352 and 15-353 impose no duty on the Red Cross; they require the "judgment creditor," the CFTB, to file the foreign judgment and any related affidavit providing identifying information about the judgment debtor with the Superior Court.  It is uncontested that the Red Cross has no independent responsibility to ensure that the CFTB properly adheres to District of Columbia requirements for the enforcement of foreign judgments.  Any CFTB failure to follow District of Columbia statutory provisions, then, is not an actionable failure of the Red Cross, which simply complied with the CFTB's directive.[3]  McDonald does not provide any statutory language from the D.C. Code that would make the Red Cross, as a third-party employer-garnishee, liable for honoring a garnishment order that a garnishor failed to first register in Superior Court.  Lacking either valid statutory or case law support for McDonald's claims as to the Red Cross' violation of District of Columbia law, his claims fail.

---

[3] McDonald does not dispute that the Red Cross is an "employer subject to the California statute[,]" Franchise Tax Bd. of Cal., 467 U.S. at 520, requiring employers to honor CFTB earnings withholding orders. Id. at 514. (See Def.'s Suppl. Mem. at 2.)

- 7 -

II.  HUMAN RESOURCES POLICY CLAIM

McDonald also argues that by garnishing his wages without a court order, the Red Cross violated its Human Resources Policy and Procedures manual which states that the Red Cross will not deduct tax liability or wages unless directed by the courts.[4] (See Compl. ¶ 6.)  The Red Cross asserts that this manual is "irrelevant because an internal policy document [cannot] relieve an employer of its obligation to comply with a wage garnishment order[.]"  (Def.'s Reply at 3-4.)

For an enforceable agreement to exist under District of Columbia case law, the parties both must (1) agree on all material terms and (2) intend to be bound.  Perles v. Kagy, 473 F.3d 1244, 1249 (D.C. Cir. 2007); Kramer Assocs. v. Ikam, Ltd., 888 A.2d 247, 251 (D.C. 2005).  While it is true that "District of Columbia contractual terms may be implied from an employee handbook or manual[,]" Lance v. United Mine Workers of America, 355 F. Supp. 2d 358, 361 (D.D.C. 2005), McDonald has not alleged that the Red Cross' failure to follow its internal policies constitutes a breach of contract.[5]  See Ray v. Levi Strauss &

---

[4]   McDonald cites to language from the Red Cross' Human Resources Policy and Procedures that "[t]he Red Cross takes all mandatory deductions including federal/state/local taxes, FICA (Social Security and Medicare), tax liability or wage deductions directed by the courts."  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 4.)

[5]   McDonald makes clear that he is not bringing a breach of contract claim in the instant case.  He states in his

- 8 -

Co., Civ. Action No. 04-558BS, 2006 WL 1028892, at *5 (S.D. Miss. Apr. 18, 2006) (denying plaintiff's argument under a breach of contract theory because plaintiff did not allege a breach of contract theory in her amended complaint).  McDonald never pleads in his complaint or states in his opposition that the Red Cross' policy is a contract deserving of legal recognition.  Further, McDonald's complaint does not in fact allege that the Red Cross acted inconsistently with its employee handbook.  The Red Cross garnished McDonald's wages pursuant to the Franchise Tax Board's withholding order, which as is explained above, is in effect identical to the judgment of a court.  See Franchise Tax Bd., 467 U.S. at 523.  Accordingly, McDonald's claim of violation of internal policies would fail under a breach of contract theory.

Nor has McDonald has shown that the Red Cross' failure to follow its procedures comprises a substantive cause of action, separate from breach of contract, which would warrant relief.  He also provides no authority that a cause of action exists at common law for a violation of internal policies.  Cf. Britton v. Dist. of Columbia, Civ. Action No. 02-640 (RWR), 2007 WL 172310, at *5 (D.D.C. Jan. 23, 2007) (citing Dickson v. United States,

---

opposition that "[*i*]*f* Mr. McDonald sued the Defendant for breach of contract based on not following its own Human Resources Policy and Procedures he *would not* need to join the State of California . . . ."  (Pl.'s Opp'n at 8 (emphasis added).)  Additionally, he argues that he can bring a breach of contract claim which "*would be* based on the Defendant's breach of its Human Resources Policy and Procedures. . . ."  (Pl.'s Opp'n at 9 (emphasis added).)

- 9 -

831 F. Supp. 893, 898 n.7 (D.D.C. 1993) (observing that because plaintiff's claim of violation of internal policies was "devoid of any reference to a statutory or common-law cause of action," there was no "legal basis for Plaintiff's arguments that the CIA's violations of its regulations was 'illegal'")).  In addition to failing to plead breach of contract, McDonald has also not demonstrated that he might be entitled to equitable relief under a separate theory of failure to follow internal procedures.[6]

---

[6]   The Red Cross also moves to dismiss claiming that McDonald has failed to join an indispensable party -- the State of California or its Franchise Tax Board.  However, neither party has addressed whether sovereign immunity precludes joinder.  Moreover, the Red Cross has not demonstrated that California or the CFTB are essential parties to this suit for the relief that McDonald seeks.  Federal Rule of Civil Procedure 19(a) provides that a person or entity is to be joined if "in [its] absence complete relief cannot be accorded among those already parties[.]"  Fed. R. Civ. P. 19(a).  Count One of McDonald's complaint requests a judgment declaring that the Red Cross violated certain duties imposed by D.C. statute.  Those statutory provisions, though, compel no conduct by the Red Cross.  (Compl. at 4.)  It is not necessary to join California or the CFTB to determine whether the Red Cross breached D.C. law, because it is clear that no such breach occurred.  Count Two derivatively seeks an injunction due to the violations alleged in Count One.  (Compl at 5.)  Because McDonald has not established a cause of action that warrants a declaratory judgment, he has not established that he is entitled derivatively to a preliminary injunction.  Given that the allegations against Red Cross can be resolved without California or the CFTB, the Red Cross' argument that they are indispensable parties is unpersuasive.

- 10 -

## CONCLUSION

McDonald has not alleged or shown that § 16-583 of the District of Columbia Code or the Uniform Enforcements of Foreign Judgment Act as adopted by the District of Columbia imposes any duty on the Red Cross.  Thus, the Red Cross has not violated these statutory provisions.  Additionally, McDonald has not alleged or shown that the Red Cross' Human Resources policy constitutes a contract which the Red Cross has breached.  Accordingly, judgment will be entered for the Red Cross.  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 4th day of September, 2007.

　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　RICHARD W. ROBERTS
　　　　　　　　　　　United States District Judge